UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JOSE CARLOS LOPEZ, | No. C 06-4772 SI (pr) |
| Plaintiff, | **ORDER OF SERVICE** |
| v. | |
| HOREL (warden), | |
| Defendant. | |

## INTRODUCTION

Jose Carlos Lopez, currently incarcerated at Pelican Bay State Prison, has filed a pro se civil rights action under 42 U.S.C. § 1983. His complaint is now before the court for review pursuant to 28 U.S.C. §1915A. His motion for appointment of counsel also is before the court for consideration.

## BACKGROUND

In his complaint, Lopez complains about the proceedings used to validate him as an associate of the EME prison gang and the resultant placement in administrative segregation ("ad-seg"). Although Lopez is now in ad-seg at Pelican Bay, he indicates that he was validated when he was housed at Salinas Valley State Prison and then was transferred to Pelican Bay's ad-seg unit.

Lopez was served with a gang validation package on or about June 23, 2004, that notified him that he was being placed in ad-seg after having been validated as an associate of the EME prison gang. The form shows that the date of the placement was June 23, 2004, although the form also shows that it had been prepared over several months, e.g., an interview had been conducted on February 5, 2004 (which Lopez disputes occurred) and the validation had been reviewed and approved on March 9, 2004. He alleges that the evidence used to validate him as a prison gang associate "lacks any involvement and/or subsequent any gang activity." Complaint, pp. 3, 5 (errors in source). He further alleges that he was "never given the opportunity to talk to the IGI, or even given the opportunity to get an investigator who could have talked to CDC staff's [sic] and collected the information needed to refute this arbitrary validation." Complaint, p. 5.

Lopez filed an inmate appeal as well as state habeas petitions to challenge his validation. He also filed a federal habeas petition, which was dismissed without prejudice to him filing a civil rights complaint. See Lopez v. Horel, 06-3141 SI. Lopez then filed this action.

## DISCUSSION

A.  Standards Of Review

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. See id. at 1915A(b)(1),(2). Pro se pleadings must be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

2

A.      Placement In Administrative Segregation

The Due Process Clause of the Fourteenth Amendment of the U.S. Constitution protects individuals against governmental deprivations of life, liberty or property without due process of law. Changes in conditions of confinement may amount to a deprivation of a constitutionally protected liberty interest, provided that the liberty interest in question is one of real substance. Sandin v. Conner, 515 U.S. 472, 477-87 (1995).

When prison officials initially determine whether a prisoner is to be segregated for administrative reasons and a liberty interest of real substance is implicated, due process requires that they hold an informal nonadversary hearing within a reasonable time after the prisoner is segregated, inform the prisoner of the charges against him or the reasons segregation is being considered, and allow the prisoner to present his views. Toussaint v. McCarthy, 801 F.2d 1080, 1100 (9th Cir. 1986). Due process also requires that there be an evidentiary basis for the prison officials' decision to place an inmate in segregation for administrative reasons. Superintendent v. Hill, 472 U.S. 445, 455 (1985); Toussaint, 801 F.2d at 1104-05. This standard is met if there is "some evidence" from which the conclusion of the administrative tribunal could be deduced. Id. at 1105. There is some authority for the proposition that the evidence relied upon to confine an inmate to the SHU for gang affiliation must have "some indicia of reliability" to satisfy due process requirements. Madrid v. Gomez, 889 F. Supp. 1146, 1273-74 (N.D. Cal. 1995); see also Toussaint v. McCarthy, 926 F.2d 800, 803 (9th Cir. 1990) (results of polygraph examination may not be considered "unfailingly accurate" when used as evidence to support placement in administrative segregation); Cato v. Rushen, 824 F.2d 703, 705 (9th Cir. 1987) (evidence relied upon by a prison disciplinary board must have "some indicia of reliability").

Lopez's complaint, liberally construed, alleges three potential due process problems in connection with his ad-seg placement. First, he contends that he was not allowed to present his views to the decision-maker who decided that he was a gang affiliate which led to his placement in administrative segregation. Defendant M. Valdez is the institutional gang investigator who allegedly made the determination to validate Lopez that led to his placement in ad-seg. The court does not determine now whether this was factually correct but only that, if Valdez was the

3

decision-maker, the complaint states a claim for a due process violation based on Lopez not being allowed to present his views to Valdez. See Toussaint, 926 F.2d at 803 (official charged with deciding to place an inmate in administrative segregation must be the official to whom the inmate presents his views).

Second, Lopez contends that there was not some evidence to support the decision to validate him as a gang affiliate. Liberally construed, that allegation states a claim for a due process violation. As defendant Valdez was the alleged decision-maker, he is adequately linked to this claim.

Third, Lopez alleges that he was not allowed to have an investigator to assist him in investigating and defending against the allegation that he was affiliated with a gang. This claim is dismissed without leave to amend because there is no federal due process right to have the assistance of an investigator when being considered for ad-seg placement.

Defendant Garcia's only apparent involvement was that he prepared CDC-128B forms on July 17, 2003 and February 5, 2004 that were part of the materials used to validate Lopez. The forms allegedly contained contradictory information about how Garcia obtained the evidence discussed in the forms. Garcia also allegedly did not produce a receipt of the cell search described in the forms. This activity does not amount to a due process violation. Even if the allegations were liberally construed to mean that Garcia fabricated the evidence, there would be no § 1983 claim against Garcia. A prisoner has no constitutionally guaranteed immunity from being falsely or wrongly accused of conduct which may result in the deprivation of a protected liberty interest. See Sprouse v. Babcock, 870 F.2d 450, 452 (8th Cir. 1989); Freeman v. Rideout, 808 F.2d 949, 951 (2d Cir. 1986). As long as a prisoner is afforded procedural due process in the disciplinary hearing, allegations of a fabricated charge fail to state a claim under § 1983. See Hanrahan v. Lane, 747 F.2d 1137, 1140-41 (7th Cir. 1984). Garcia is dismissed from this action because the complaint does not state a claim for relief against him.

Defendant Horel is the warden at Pelican Bay State Prison. The complaint does not indicate that he played any role in the gang validation or placement of Lopez in ad-seg. Horel is dismissed from this action because the complaint does not state a claim for relief against him.

B.    The Inmate Appeal

To the extent that Lopez's complaint might be liberally construed to assert a separate § 1983 claim that his inmate appeal was not decided correctly, the claim would fail on the law and on the facts.

There is no federal constitutional right to a prison administrative appeal or grievance system for California inmates. See Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988); Antonelli v. Sheahan, 81 F.3d 1422, 1430 (7th Cir. 1996). The denial of an inmate appeal is not so severe a change in condition as to implicate the Due Process Clause itself and the State of California has not created a protected interest in an administrative appeal system in its prisons. California Code of Regulations, title 15 sections 1073 and 3084.1 grant prisoners in the county jails and state prisons a purely procedural right: the right to have a prison appeal. The regulations simply require the establishment of a procedural structure for reviewing prisoner complaints and set forth no substantive standards; instead, they provide for flexible appeal time limits, see Cal. Code Regs. tit. 15, § 3084.6, and, at most, that "[n]o reprisal shall be taken against an inmate or parolee for filing an appeal," id. § 3084.1(d). A provision that merely provides procedural requirements, even if mandatory, cannot form the basis of a constitutionally cognizable liberty interest. See Smith v. Noonan, 992 F.2d 987, 989 (9th Cir. 1993); see also Antonelli, 81 F.3d at 1430 (prison grievance procedure is procedural right that does not give rise to protected liberty interest requiring procedural protections of Due Process Clause).

Lopez had no federal constitutional right to a properly functioning appeal system. An incorrect decision on an administrative appeal, failure to process the appeal in a particular way, or failure to follow up on it therefore did not amount to a violation of his right to due process. The allegation that Lopez did not receive the right to express his views as allegedly ordered in the inmate appeal fails to state a claim upon which relief may be granted.

The claim that Lopez was not given the relief ordered in the administrative appeal also is wrong on the facts as it incorrectly reads the inmate appeal decision. Lopez alleges that the "CDC 'partially granted' the 602 appeal at the first level of review, 'to allow petitioner to present his views.' . . . CDC still has not granted petitioner the opportunity to present any views to IGI,

5

concerning this arbitrary, capricious and vague gang validation." Complaint, p. 5. These allegations misstate what the first level reviewer decided. The first level review decision shows that the appeal was partially granted in that Lopez was allowed to present his views to that reviewer and does <u>not</u> show that the reviewer ordered a further interview. <u>See</u> Exhibits, pp. 44-45. The reviewer wrote that he had interviewed Lopez regarding the validation process and discussed the materials used to validate him. "Lopez failed to submit any evidence that would refute the validation process or challenge an Indeterminate SHU term. However, as he requested, he has been given the opportunity to 'present his views' concerning the validation process. Therefore, this appeal is Partially Granted. [¶] Based on the above information, this appeal is Partially Granted on the first level. If you are dissatisfied with this decision, you have 15 days from receipt of this response to appeal." <u>Id.</u> at 45. There is no mention of a need for further interview of Lopez. Lopez simply misreads the document as it clearly contradicts his assertion that the reviewer ordered a further interview of him.

C.      <u>Appointment Of Counsel</u>

Plaintiff filed a motion for appointment of counsel to represent him in this action. (Docket # 3.) A district court has discretion under 28 U.S.C. § 1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. <u>See</u> <u>Wilborn v. Escalderon</u>, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims <u>pro se</u> in light of the complexity of the legal issues involved. <u>See id.</u> Neither of these factor is dispositive and both must be viewed together before deciding on a request for counsel under section 1915(e)(1). Having considered both of these factors, the court concludes that exceptional circumstances requiring the appointment of counsel are not evident. The motion for appointment of counsel is DENIED.

6

**CONCLUSION**

For the foregoing reasons,

1. Plaintiff's complaint states claims for relief under 42 U.S.C. § 1983 against defendant M. Valdez for violations of his right to due process in that (a) plaintiff was not allowed to present his views to Valdez and (b) the decision to validate him as a gang affiliate was not supported by some evidence. All other claims and all other defendants are dismissed.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, a copy of the complaint, a copy of this order, and a copy of all the other documents in the case file upon M. Valdez (institutional gang investigator), who allegedly is employed at Salinas Valley State Prison.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **February 16, 2007**, defendant must file and serve a motion for summary judgment or other dispositive motion. If defendant is of the opinion that this case cannot be resolved by summary judgment, he must so inform the court prior to the date the motion is due.

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendant no later than **March 23, 2007**. Plaintiff must bear in mind the following notice and warning regarding summary judgment as he prepares his opposition to any summary judgment motion:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. [¶] Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if

7

appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. (See Rand v. Rowland, 154 F.3d 952, 962-63 (9th Cir. 1998).

    c. If defendant wishes to file a reply brief, the reply brief must be filed and served no later than **April 6, 2007**.

  4. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

  5. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

  6. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

  7. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

  8. Plaintiff's motion for appointment of counsel is DENIED. (Docket # 3.)

IT IS SO ORDERED.

Dated: December 6, 2006

              _____
              SUSAN ILLSTON
              United States District Judge