UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARLOS LOPEZ,

    Plaintiff,

v.

HOREL (warden),

    Defendant.
                               /

No. C 06-4772 SI (pr)

**ORDER (1) TO SEAL DOCUMENTS, AND (2) DENYING MOTIONS TO AMEND AND RECONSIDER**

A.    <u>Defendant's Motion To Seal Documents</u>

    Defendant filed a motion to file documents under seal. Defendant has demonstrated that the confidential information in the documents, if disclosed, would create a severe risk to the safety of other prisoners and institutional security. Upon due consideration, the court grants defendant's motion. (Docket # 11.) Confidential Exhibits A - C will be filed under seal and not available for inspection by the public or plaintiff absent a court order permitting such inspection. The documents shall <u>remain sealed for fifty years or until destroyed</u> in conformance with the normal records destruction policy of the United States Courts, whichever occurs first.

B.    <u>Plaintiff's Filings</u>

    Plaintiff filed a motion to amend his complaint to add as a new defendant correctional counselor Wilson, who interviewed plaintiff in connection with his inmate appeal about his gang validation. (Docket # 6.) Plaintiff's motion to amend was unnecessary because, at the time he filed it, he had a right to amend once without leave of court because no responsive pleading had been served. Fed. R. Civ. P. 15(a). The court therefore DENIES the motion to amend as unnecessary. (Docket # 6.) In any event, however, the requested amendment would be futile.

1  As discussed in the Order of Service, pp. 5-6, plaintiff had no federal constitutional right to a properly functioning inmate appeal system. Therefore, plaintiff's allegation that a correctional counselor did not handle his inmate appeal properly does not state a claim for a violation of a federal constitutional right. This means that, if plaintiff asserted such a claim against correctional counselor Wilson, it would have been dismissed.

Plaintiff also filed an unlabelled document (docket # 8) that has attached to it a "complaint motion to amend objection" and a motion for appointment of counsel. The court construes docket # 8 to be a motion for reconsideration, as plaintiff asks the court to reconsider the rulings in the Order of Service that dismissed defendant Garcia and denied a motion for appointment of counsel. Plaintiff did not meet any of the criteria for reconsideration: he did not present newly discovered evidence, the court did not commit clear error or make a manifestly unjust decision, and there has not been a change in controlling law. See School Dist. No. 1J, Multnomah County v. ACandS, Inc., 5 F.3d 1255, 1263 (9th Cir. 1993). The motion for reconsideration is DENIED. (Docket # 8.)

The parties are reminded that the briefing schedule on the motion for summary judgment remains in place, i.e., plaintiff's opposition must be filed and served no later than March 23, 2007, and defendant's reply must be filed and served no later than April 6, 2007.

IT IS SO ORDERED.

Dated: February 28, 2007

SUSAN ILLSTON
United States District Judge

2