UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

JOSE CARLOS LOPEZ,

    Plaintiff,

v.

HOREL (warden),

    Defendant.

No. C 06-4772 SI (pr)

**ORDER DENYING LEAVE TO FILE MOTION FOR RECONSIDERATION**

Defendant has moved for leave to file a motion for reconsideration, urging the court to consider revisiting its determination that there is a triable issue of fact as to plaintiff's claim that he was not given an opportunity to present his views to the IGI. Defendant argues that plaintiff's claim can be rejected under the recent Supreme Court decision in Scott v. Harris, 127 S. Ct. 1769 (2007), that allows rejection of a version of the facts that is "blatantly contradicted by the record." Id. at 1776.

The evidentiary contradiction in this case is enormously different from that in Scott. Scott was an excessive force claim that arose out of a police car chase. In Scott, plaintiff's description of his cautious and careful driving during the chase was contradicted by a videotape that showed him driving wildly and dangerously during the chase. See id. at 1775. The Court determined that the plaintiff's "version of events is so utterly discredited by the record that no reasonable jury could have believed him." Id. at 1776. Although Scott does not require the existence of a videotape to discredit a plaintiff's version of the facts, a videotape of an event has a convincing quality that a memorandum does not. Unlike a videotape (which has a fairly objective quality inherent in it), the prison memorandum here could be self-serving and had no inherently

objective quality to it. Defendant's evidence – a single memorandum purporting to record an interview by an IGI – does not show that plaintiff's statement that he was not interviewed by IGI Valdez to be blatantly contradicted by the record, so that no reasonable jury could believe him. The dispute of facts here is the kind that routinely requires denial of summary judgment and is not affected by Scott. Because Scott does not work a material difference in the law applicable to this case, reconsideration of the court's decision on summary judgment is not necessary. See Local Rule 7-9(b). The motion for leave to file a motion for reconsideration is DENIED. (Docket # 26.)

IT IS SO ORDERED.

Dated: May 17, 2007

_____
SUSAN ILLSTON
United States District Judge

2